## 5600. MILES SHOE COMPANY *v.* ALMAND.

WADE, J.   1. There was no error in the rulings upon the admissibility of testimony.

2. Where goods were delivered to a bailee to be sold and returns made to the bailor, under a contract providing that at the expiration of the bailment the remaining stock should be returned, and that during the existence of the bailment the bailee should "keep the stock in good, clean condition, and pay special attention to forcing the sale of the oldest goods on hand, thus making every effort to prevent the accumulation of old or shelf-worn goods," the bailee was authorized to expose and handle the goods according to the approved methods usually adopted to facilitate the sale of the particular kind of goods, and in accordance with the custom of the particular trade, and was not required to keep the goods covered or concealed from view, stored in safety deposit vaults, shielded from light, or hermetically sealed, until the day of reckoning with the bailor.

3. The instructions of the court in regard to the measure of diligence required of the defendant were correct. So far as the preservation of the property was concerned, under the terms of the contract the defendant was bound as a bailee to only ordinary care, subject to the necessity for its display and to inspection by customers and probably purchasers, and he was not liable for such damage to any portion of the stock of goods as would be naturally and necessarily incident to efforts to sell in accordance with the custom of the trade.

4. The testimony was in conflict as to the general condition of the stock when it was returned to the bailor, but there was ample evidence from

which the jury were authorized to find that the stock was kept in a "good, clean condition" by the defendant, as required by his contract. Several witnesses testified that the condition of the stock as a whole, about the time it was returned, was good and clean; and from the testimony of the defendant himself the jury was authorized to infer that this was its condition when the goods were actually returned by him, regardless of what may have been the condition on arrival at destination.

5. There is no substantial merit in any of the assignments of error; the evidence authorized the verdict returned, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, J., not presiding.*
DECIDED FEBRUARY 3, 1915.

Action for breach of contract; from city court of Elberton—Judge Grogan. February 23, 1914.

*James T. Sisk,* for plaintiff.

*Worley & Nall,* for defendant.

